CITY BANK FARMERS TRUST COMPANY, Formerly Known as FARMERS' LOAN AND TRUST COMPANY, Plaintiff, *v.* STAFFORD BROTHERS, INC., Formerly Known as GUARDIAN HOLDING COMPANY, INC., et al., Defendants.

In the Matter of the Application of CITY BANK FARMERS TRUST COMPANY, Petitioner, for Approval of a Plan of Purchase and Reorganization of Premises, the Subject of the Above-Entitled Foreclosure Action.

Supreme Court, Additional Special Term, New York County, February 17, 1943.

*Adrian P. Burke* for petitioner.

*Mitchell, Taylor, Capron & Marsh* for plaintiff.

No appearances for other parties.

McLAUGHLIN, J.   This is an application made pursuant to the provisions of sections 119–123 of the Real Property Law (Burchill Act) to approve a proposed plan of reorganization of real property covered by a trust mortgage.   The motion was brought on by order to show cause, dated October 9, 1942.   When the order to show cause was granted by this court, there was presented therewith a petition which stated that all of the participants or persons owning beneficial interests in the said mortgage, with the exception of two persons named therein, had consented in writing to the plan of reorganization and had expressly waived notice of any proceedings that might be instituted to obtain judicial approval thereof, and thereupon the court, in the said order to show cause, directed that notice of this application be given only to the two persons designated in the said petition as not having assented to said plan of reorganization.

Now that all the papers in this matter, including the alleged consents and waivers of the participants or owners of beneficial interests in the mortgage, are before the court, it appears: That in May, 1942, at about the time the action to foreclose the mortgage was commenced, the plaintiff sent a letter to each participant or owner of a beneficial interest in the mortgage, advising him that the mortgage had been referred to its attorneys for foreclosure and that, owing to the present condition of the real estate market, it would probably be necessary for the plaintiff to bid in the property at the sale under foreclosure. The letter further advised the participants or owners of beneficial interests in the mortgage that it would be difficult to manage the property successfully unless the ownership was concentrated in one place and recommended that a new corporation be formed to take title to the property, the capital structure of which was to be substantially as follows: $406,500 par value four per cent debenture bonds and 6,775 shares of capital stock, par value $1 per share. The letter further advised the participants or owners of beneficial interest in the mortgage as to the amount of stock and debenture bonds which they would be entitled to receive from the new corporation and that any earnings from the property over and above the amount required to pay operating expenses, insurance, taxes and other items would be applied first to the payment of bond interest and any balance would be applied to the payment of dividends on the capital stock. At the foot of this form letter there was typed or printed a form of consent and waiver which the participants signed and returned to the trustee.

Many essential features of the plan of reorganization were not contained in the form letter, such as a statement of the minimum and maximum amounts which the trustee shall bid for the property; the maturity date of the proposed debentures to be issued; the rights of the debenture holders in the event of a default in the payment of interest thereon; the fact that an indenture of trust was to be executed as part of the plan of reorganization; and a statement of the material provisions of the indenture of trust, the certificate of incorporation of the new company and the proposed by-laws of such new corporation. Furthermore, the alleged consents and waivers by the participants in the mortgage were neither witnessed nor acknowledged.

Under the foregoing circumstances the court holds that the alleged consents and waivers by the participants and holders of beneficial interests in the mortgage are of no force and effect

and that jurisdiction of the necessary parties in this proceeding has not been obtained. The application is accordingly denied with leave to renew upon proper notice to all the interested parties.

Upon any new application to approve a plan of reorganization it is suggested that the proposed indenture of trust comply with the requirements of sections 126 and 127 of the Real Property Law, which are applicable to every trust indenture executed under and pursuant to a plan of reorganization of real property covered by a trust mortgage, unless the said trust indenture has been qualified with the United States Securities and Exchange Commission pursuant to the Trust Indenture Act of 1939. (U. S. Code, tit. 15, § 77-aaa *et seq.*)

Counsel for the plaintiff has called the attention of the court to the case of *City Bank Farmers Trust Co.* v. *Northview Investing Corp.,* County Clerk's Index #12376–1941, which he cites as a precedent for the practice followed in this case. The approval of the plan of reorganization in that case should not be followed and it must be considered as overruled by this disposition.