S. Samuel Di Falco, S.
In paragraph First of the will which is the subject of this proceeding for its construction the testator directed the payment of his debts and funeral expenses omitting any reference to the discharge of obligations for payment of taxes and the cost of administering his estate. Paragraph Third contains a bequest to the widow of all of the testator’s tangible personal property which has an estimated value, apparently conceded to be accurate, of $2,500. In paragraph Fifth provision is made for the payment of a legacy of $10,000 to the first wife of the testator while paragraphs Fourth and Sixth dispose of other property with which we have no present concern.
Paragraph Seventh contains the text which gives rise to the question at issue. There the testator directed that “ all the rest residue and remainder of (his) property of every kind and description * * * after . . . the payment of all administration expenses, taxes, debts and other charges against (his) estate (should) be divided into one hundred (100) equal parts.” Fifty of such parts were then left to the widow subject to the operation of the proviso that ‘ ‘ if this legacy plus all other legacies to my said wife . . . shall constitute less than one-half (%) °f all my property and estate remaining after providing for the dispositions hereinbefore in clauses First and Fifth set forth, this legacy shall be increased by so much of all my remaining property as, together with this legacy shall constitute one-half (y2) of all my said property and estate, and each of the remaining dispositions hereinafter set forth in this Clause Seventh shall be proportionately reduced.”
This is the set for the stage which sees the widow arguing that her bequest is to be measured by deducting from the gross estate the sum of the debts, funeral expenses (paragraph First), and the legacy of $10,000 to the testator’s first wife (paragraph Fifth), dividing the difference in half and adding to that figure the value of the tangible personal property (paragraph Third). It is the position of the remaining residuary legatees, on the other hand, that the subtrahend employed in this formula must be increased by the addition of the amount required for the payment of all legacies, estate taxes and administration expenses.
At this point it is appropriate for the court to consider the application of the widow’s coexecutor that oral proof he received *499 for the purpose of resolving the ambiguities which are said to mark the will and to obscure the intention of the testator. By this time it should be clear that the rules of evidence applicable to the New York law of estates forbid the reception of such testimony, assuming it to be available. If the court were permitted to so far depart from the statutory and judicially fixed standards prescribed in such situations as to substitute the scrivener’s recollection of what the deceased had told him for the language of the will itself it becomes plain at once that the instrument as the repository of the testator’s testamentary program would cease to have any usefulness whatsoever. That is the reason why the courts have consistently declined to permit the introduction of extrinsic evidence except in those cases where the ambiguity exists outside the instrument (viz. — “ I give my white horse to David Jones.” Which white horse? Which David Jones?) or where the language of the will gives rise to an otherwise irreconcilable inconsistency, contains a manifest conflict in terms, or is marked by gross uncertainty (Dwight v. Fancher, 245 N. Y. 71; Matter of Tamargo, 220 N. Y. 225; Matter of Smith, 254 N. Y. 283; Brown v. Quintard, 177 N. Y. 75). None of these conditions exist here and the application to permit the receipt of extrinsic evidence is accordingly denied.
Coming now to an analysis of the language employed by the testator to fix the gift to his wife there is to be found a blunt and explicit definition of its dimensions. Attached as a condition to the bequest of 50 shares, or one half, of the true residuary estate was the requirement that that share, plus the value of the other legacy to the widow, equal in amount a gift determined by taking one half of the difference to be found by subtracting from the gross estate the total of the debts, funeral expenses, and the $10,000 legacy to the first wife. It is the theory of the coexecutor and the other residuary legatees that under no circumstances could a gift of 50% of the true residue equal in value a gift measured in terms of the modification and that as a result the proviso must be ignored. That is demonstrably untrue, a statement for which proof is available in the form of a hypothetical illustration.
Let it be assumed that the gross estate has a value of $100,000, that debts and funeral expenses amount to $2,500, the tangible personal property is worth $2,500, the legacy to the first wife is $10,000, other legacies total $2,500 and taxes and administration expenses are $20,000. Under such circumstances the residuary estate would amount to $62,500, one half of which is $31,250. If there is added to that figure the sum of $2,500, representing the *500 value of the personal property left to her in paragraph Third, the widow’s benefits under the residuary clause of the will amount to $33,750 or $10,000 less than she is entitled to under the terms of the proviso which diminishes the gross estate for the purposes of measuring her bequest only to the extent of the aggregate of the legacy to the first wife, debts and funeral expenses. However, no resort to the proviso would be required if the personal property left by the testator to the widow had been worth not $2,500 but $22,500 or more. Since this was a possibility of which the deceased must have been aware his purpose in incorporating the proviso in his will becomes plain and the argument of the coexecutor is shown to have no foundation. The court holds accordingly that the widow’s legacy under paragraph 7-1 is to be measured by taking one half of the gross estate less the amount of the debts, funeral expenses and the bequest to the first wife. If the amount as thus determined is more than the value of a half share of the true residuary estate plus the value of the tangible personal property which is the subject of the gift provided for in paragraph Third, resort must be had.to the other legacies passing under paragraph Seventh of the will to make up the difference.
The second of the three questions submitted for decision in connection with this will involves its provisions for payment of taxes. It would be belaboring the literature on the subject of apportionment under section 124 of the Decedent Estate Law to reiterate the reasons why the nontestamentary benefits which were included in the taxable estate are chargeable with a proportionate share of the taxes found to be due. Suffice it to say that the failure of the testator to make any mention of the matter in his will is tantamount to a specific adoption of the rule of the statute. It is so held (Decedent Estate Law, § 124; Matter of Pepper, 307 N. Y. 242; Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012).
A different situation exists in respect of the widow’s liability for that part of the tax attributable to the bequest to her under the residuary clause of the will. The parties are in agreement that all pre-residuary bequests were specifically exonerated from contributing to the payment of the total taxes due and that the will is silent as to the allocation of the tax on the residuary gifts. That being the case, and the court finds it so to be, the rule in Matter of Pepper (supra) is the rule of this will and apportionment within the residuary estate must be decreed to the extent at least that her legacy as determined here exceeds, if it does, the maximum marital deduction (Matter of Pepper, supra; Matter of Mattes, 205 Misc. 1098, affd. 285 App. Div. *501 867, affd. 309 N. Y. 942; Matter of Slade, 4 Misc 2d 616; Matter of Bacon, 6 Misc 2d 243; Matter of Paine, N. Y. L. J., Nov. 5, 1956, p. 8, col. 1, affd. 3 A D 2d 736).
Submit decree on notice construing the will in accordance with the rulings here made.