S. Samuel Di Falco, S.
In this accounting proceeding a question is raised in respect of the apportionment of estate taxes. There was included in the taxable estate the sum of $77,000 representing moneys in joint bank accounts. The joint tenant of these accounts asserts that by reason of article Ninth of the will the taxes attributable to the joint bank accounts must be paid out of the residuary estate.
Article Ninth of the will provides: ‘ ‘ From the rest, residue and remainder of my estate, whether real, personal or mixed, I direct my Executors to make payment of all administration expenses, legal fees and taxes, whether inheritance, estate or transfer taxes, or howsoever the same may be designated.”
The court holds that this language does not excuse the joint bank accounts from bearing their proportionate share of the taxes. Section 124 of the Decedent Estate Law specifically provides that any direction in the will with respect to the apportionment of taxes shall be limited in its operation to the property passing thereunder unless such will or instrument otherwise directs. The court finds that there is no such direction contained in article Ninth of this will. (Matter of Mills, 180 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012; Matter of Pepper, 307 N. Y. 242; Decedent Estate Law, § 124, subd. 4.)
The special guardian is directed to report on the account of the executors. Any issues raised therein and the issue raised by the application to fix the compensation of the attorney for the petitioners are placed on my calendar for a hearing on the 14th day of April, 1960, at 10:30 a.m.