S. Samuel Di Falco, S.
In this accounting proceeding a question is raised in respect to the apportionment of estate taxes. There was included in the taxable estate property con *805 sisting of a bank account balance of $26.65 and the proceeds of insurance policies on the life of decedent totaling $81,727.28. The petitioner herein asserts by reason of article Eighth of the will the taxes attributable to the bank account and the insurance proceeds must be paid out of the residuary estate. Article Eighth of the will provides: ‘ ‘ All estate, inheritance and succession taxes shall be a charge on and payable from the personalty of my residuary estate prior and superior to the dispositions of this Will.”
The court holds that this language does not excuse the proceeds of the insurance policies and the bank balance from bearing their proportionate share of the taxes. Section 124 of the Decedent Estate Law specifically provides that any direction in the will with respect to the apportionment of taxes shall be limited in its operation to the property passing thereunder unless such will or instrument otherwise directs. “Language of doubtful import — that is, language which is subject to interpretation either way — will not suffice to change the rule of apportionment commanded by the statute.” (Matter of Kaufman, 170 Misc. 436, 440.) In Matter of Mills (189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012) it was stated (p. 141): “ It is not enough that there be speculation as to which deceased may have meant. Those who resist apportionment must be able to point to affirmative language in the will directing that taxes be not apportioned. In case of doubt as to what the will means on the subject of taxes the statutory direction to apportion is absolute. ’ ’
The court holds that there is no such direction contained in article Eighth of this will. (Matter of Mills, supra; Matter of Pepper, 307 N. Y. 242; Decedent Estate Law, § 124, subd. 4.)
The petitioner is hereby relieved of any responsibility as to the Wisconsin real property. Petitioner is authorized to assign the respective agreements dated February 21, 1944 and June 1, 1946 between decedent and Northwestern Salt Company. Submit decree on notice.