S. Samuel Di Falco, S.
In this proceeding for the settlement of the account of the executors, a controversy has arisen between the remainderman and the life beneficiaries of three residuary trusts concerning the allocation as between principal and income of certain distributions of the stock of the International Business Machines Corporation received by the accounting parties *101 concededly as the result of a stock split-up and not as stock dividends. It is the position of the life tenants that the disposition of the stock in question is controlled by the following provisions of Article Seventh of the will: ‘ ‘ seventh : After receipt of a dividend in the stock of the issuing company which dividend is of the same class of stock as that against which it was declared and is ‘ principal ’ of the Trust, if the dividend is for ten (10) per cent or less, my Trustees shall pay out of principal to the then income beneficiary an amount equivalent to the market value of the dividend stock; but, if the dividend is for more than ten (10) per cent, shall pay out of principal to such beneficiary an amount which shall bear the same relation to the market value of the dividend stock as ten (10) per cent bears to the percentage of the dividend declared.”
The respondent remainderman, the President and Fellows of Harvard College, contends that the foregoing text has no application whatsoever to the treatment of stock received as the result of a split and that securities acquired by the trusts in that form are allocable in their entirety to principal. The court reaches the same conclusion.
Arguing, though without absolute assurance from the record, that the quoted portion of the will was the product of the testator’s own draftsmanship and hence is to be governed by the rules applicable to instruments drawn by laymen, the life beneficiaries insist that: “ While the testator used the words ‘ dividend in the stock of the issuing company,’ and ‘ dividend stock, ’ it is clear from his memorandum (Objectants’ Exhibits 7A and 7B) that in the use of those terms he was thinking of both stock dividends and stock splits in the sense of ‘ return It is hardly to be believed that when the testator referred to dividends of 10% or less, knowing that during the 15 years he had held I.B.M. stock there has never been a stock dividend of more than 5%, he was thinking of the possibility at some future time of there being a stock dividend of 10% or more.”
Against what we know of the testator’s long business career and his association with his father, for many years a director of the issuing corporation, the result urged by the life beneficiaries does not logically follow from their argument. Certain it is that he was familiar with the concept of a stock-split and aware of the classical distinction existing between it and a stock dividend (Matter of Fosdick, 4 N Y 2d 646). Under these circumstances it is quite clear that the court must apply the rule that the testator intended to give to the words “ dividend in the stock of the issuing company ” their standard and normal meaning with which he himself was undoubtedly familiar *102 (Matter of Kroos, 302 N. Y. 424). Under these circumstances resort to extrinsic evidence is not permissible (Matter of Salterini, 7 Misc 2d 497 and cases there cited).
The objections and the cross petition are dismissed.