John D. Bennett, S.
The sole question here, submitted on the basis of memoranda of law prepared by counsel for both sides, is whether a certain joint bank account passing to this decedent’s father outside the will is exonerated from any statutory apportionment of estate taxes under EPTL 2-1.8 (subd. [e], par. [1]). The latter statute directs an apportionment ‘ ‘ unless otherwise provided in the will or non-testamentary instrument.”
The clause in this decedent’s will which the father’s administratrix e. t. a. contends is a direction against such apportionment reads as follows:
“ ninth : Any and all Federal, State, foreign or other inheritance, estate, transfer, succession, death or similar duties and taxes, whether levied, based or imposed upon or measured by property that passes by my Will, or levied, based or imposed or measured by any other property, shall be paid out of my residuary estate and shall not be equitably prorated or charged *614 against the gifts provided for my wife by my Will or against such other property passing to my wife outside of my Will.”
If the testamentary language had stopped before the addition of the last phrase “ against the gifts provided for my wife ”, it would be deemed to exonerate the bank account involved here. However, when the paragraph is read as a whole, the only clear intention expressed is that there shall not be any apportionment or charge against property passing to his wife; and the last clause appears to modify or cancel out the general language which precedes.
TJpon the authority and the rationale expressed in Matter of Pepper (307 N. Y. 242, 250), the court holds that the “ inherent contradiction in the will” renders paragraph ninth meaningless except as to gifts and property passing to the decedent’s widow and accordingly the -property passing to the decedent’s father .subject to estate tax was not exonerated from apportionment.