In the Matter of the Accounting of LINCOLN FIRST BANK OF ROCHESTER, Respondent, as Trustee under the Will of ROBERT I. DAVIDSON, Deceased. ALFRED UNIVERSITY, Appellant.—Decree unanimously modified in accordance with memorandum and, as modified, affirmed, without costs, and matter remitted to Wyoming County Surrogate's Court for further proceedings. Memorandum: Testator died without issue on January 30, 1953 leaving a will dated December 18, 1945 which was duly admitted to probate on April 9, 1953. After providing for the payment of debts and funeral expenses as well as several minor specific legacies, he bequeathed the remainder of his estate to petitioner, Lincoln First Bank of Rochester, in trust, to pay the interest thereon to his wife for her life. He further directed that, solely upon his wife's request, petitioner was empowered to pay to her as much of the corpus of the trust as she may from time to time desire. Subsequently in paragraph Ninth of the will testator provided that upon his wife's death, the trust would terminate and 60% of the residuary was to be distributed to five named individuals. These legacies were to be "paid in full, without deduction for Federal or State Estate taxes; and that all such taxes shall be paid from the remaining forty per cent of [the] residuary estate." After deduction for such taxes testator bequeathed one half of the remaining 40% to Alfred University and the other half to Houghton College. In the absence of specific instructions to the contrary, estate taxes must be apportioned pro rata against all persons benefiting from an estate (see former Decedent Estate Law, § 124; EPTL 2-1.8). Here, however, the language of paragraph Ninth constitutes a "clear and unambiguous" direction against such statutory apportionment (see *Matter of Pepper,* 307 NY 242) and, accordingly, the Surrogate correctly found section 124 of the Decedent Estate Law, to be inapplicable. We also find no error in the Surrogate's decision to charge the interest of the charitable remaindermen with the full amount of all estate taxes previously paid upon testator's estate. It is clear from an integrated reading of the entire will that testator intended that the individual remainder shares in the residuary pass undiminished by such taxes and that the charitable remaindermen bear the entire burden of the taxes on the estate. To limit otherwise the amount of taxes which the charitable remaindermen must assume would permit, at least to some degree, statutory apportionment of the tax burden between the individual and charitable remaindermen. Such a result would directly conflict with testator's express direction against such apportionment. We do find, however, that the Surrogate erred in selecting the 1954 valuation of the residuary estate for purposes of ascertaining the respective shares of the individual and charitable remaindermen. Under the provisions of his will testator specifically directed that computation and distribution of these shares would occur only upon the death of his wife and termination of the trust. Thus it is the value of the residuary as of the date distribution was to occur in 1973 which is controlling. Accordingly, the 1973 valuation should be used in computing the respective shares of the remaindermen and in adjusting the 40% interest of the charitable remaindermen to reflect the charge for all estate taxes previously paid on the testator's estate. (Appeal from decree of Wyoming County Surrogate's Court—judicial settlement.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.