■ In the Matter of the Estate of EDITH BRUCE, Deceased. ROY R. RAYMOND et al., Appellants; MARIAN F. ROMANO, Respondent.—In a proceeding seeking a construction of the will of the testatrix Edith Bruce concerning the payment of estate taxes, the appeal is from a decree of the Surrogate's Court, Dutchess County (Benson, S.), dated September 23, 1985, which determined that all the estate taxes were to be paid out of the residuary estate, without apportionment and without contribution from any recipient of nontestamentary assets.

Ordered that the decree is affirmed, without costs to the respondent payable out of the estate.

On June 12, 1978, the testatrix Edith Bruce (hereinafter the testatrix) executed her will, which provides, in pertinent part, that Philomena Reed, a friend, would receive $1,000, that the rest of her estate would be placed in trust for her mother, aunt and uncle, during their lifetimes, and that the remainder be bequested to Roy R. Raymond and Barbara J. Raymond, two friends, who were also named as executors and trustees. At issue on this appeal is the sixth paragraph of the will, which provides as follows: "SIXTH: All estate taxes payable by reason of my death shall be chargeable against and payable out of my residuary estate without contribution by anyone". The attorney who drafted the will contended that at the time the will was prepared, he was not aware of any nontestamentary assets owned by the testatrix, and that the purpose of the SIXTH paragraph was to exonerate Philomena Reed from any tax liability.

At the time of the testatrix's death on January 8, 1984, her mother and aunt had already died. In addition to the property that passed under the testatrix's will, the proceeds of a life insurance policy and sums in jointly owned certificates of deposit and bank accounts passed to the testatrix's uncle, Louis J. Romano. The uncle survived the testatrix by 20 days, and these nontestamentary assets then became the property of his estate.

When the estate of Louis J. Romano, relying upon the sixth paragraph of the testatrix's will, refused to contribute to the taxes imposed upon the testatrix's estate, the Raymonds, as executors, commenced this proceeding seeking a determination as to whether the estate taxes "imposed with respect to testamentary and nontestamentary property dispositions

[were] to be apportioned in accordance with § 2-1.8 of the Estates, Powers and Trusts Law or [were] to be paid out of the residuary estate" under the terms of the sixth paragraph of the will.

The Surrogate determined that all of the estate taxes were to be paid out of the testatrix's residuary estate, without apportionment and without contribution from any recipient of nontestamentary assets.

In affirming the Surrogate Court's decree, we note that "[t]he court's job in overseeing the administration of a testator's estate is to implement the testamentary plan the testator intended, determining intent from the words used in the will * * * and construing them according to their everyday and ordinary meaning" (Matter of Walker, 64 NY2d 354, 357-358). "The courts will not create a new will to carry out some supposed but unexpressed purpose, but will instead implement the testator's intent as he has manifested it in the language of the will" (Matter of Lezotte, 108 AD2d 1052, 1052-1053).

With respect to the apportionment of estate taxes, EPTL 2-1.8 provides, in pertinent part:

"(a) Whenever it appears * * * that a fiduciary has paid or may be required to pay an estate or other death tax * * * with respect to any property required to be included in the gross tax estate of a decedent * * * the amount of the tax, except in a case where a testator otherwise directs in his will, * * * shall be equitably apportioned among the persons interested in the gross tax estate * * *

"(d) Any direction as to the apportionment or non-apportionment of the tax * * * contained in a will * * * relates only to the property passing thereunder, unless such will * * * provides otherwise". (The 1986 amendment to EPTL 2-1.8 [d], effective July 21, 1986 [see, L 1986, ch 480], is not relevant to this case.)

In interpreting the predecessor statute to EPTL 2-1.8 (former Decedent Estate Law § 124), the Court of Appeals noted that "[t]here is a strong policy in favor of statutory apportionment. Those who contend against the apportionment must bear the burden of proof * * * and the direction in [the] testator's will must be clear and unambiguous * * * 'In case of doubt as to what the will means on the subject of taxes the statutory direction to apportion is absolute' " (Matter of Pepper, 307 NY 242, 250-251, quoting from Matter of Mills, 189 Misc 136, 141, affd 272 App Div 229, affd 297 NY 1012).

We agree with the Surrogate's finding that the language in

the sixth paragraph of the testatrix's will was sufficient to preclude contribution towards the estate taxes from the recipients of nontestamentary assets. The allegation set forth in the affidavit of the drafter of the will are not relevant in light of the unambiguous language of the will *(see, Matter of Walker, supra,* at 358; *see also, Matter of Lezotte,* 108 AD2d 1052, *supra; Matter of Watson,* 262 NY 284). Thompson, J. P., Lawrence, Rubin and Kunzeman, JJ., concur.