*323 OPINION OF THE COURT
Michael H. Feinberg, S.
This is an uncontested proceeding pursuant to SCPA 1421 brought by decedent’s surviving spouse to determine the validity and effect of her right of election.
The decedent died February 13, 1999 survived by his wife, Selma Bank, the petitioner herein. The decedent’s will, dated June 27, 1985, was admitted to probate on March 23, 1999. Under the will, the residue of the estate is left in trust for the spouse’s benefit. Upon her death, the principal of the trust is distributed equally among the decedent’s nieces.
The petitioner seeks to exercise her right of election to take one third of the estate outright while preserving her status of income beneficiary of the remaining two thirds. To that end, she has executed the written notice of election required by the statute, but has obtained an extension of her time to serve and file the notice until the court makes a determination of the effect of such an election (EPTL 5-1.1-A [d]). The remaindermen have filed consents to petitioner retaining a lifetime income interest in the balance of the trust after receiving her elective share outright.
Although the will was executed in 1985, EPTL 5-1.1-A applies to this pre-1992 will since the testator died after September 1, 1992 (EPTL 5-1.1-A [a] [1], [5]). Under EPTL 5-1.1-A, unless the testator provides otherwise, if the surviving spouse exercises her right of election, “such election shall have the same effect with respect to any interest which passes or would have passed to the spouse, other than absolutely, as though the spouse died on the same date but immediately before the death of the decedent” (EPTL 5-1.1-A [a] [4] [A]). Accordingly, if the surviving spouse exercises her right of election, she has no income interest in the trust. Instead, she is deemed to have predeceased the testator and the succeeding estate is accelerated (Estate of Cohn, NYLJ, Jan. 12, 1998, at 31, col 6; Estate of Leaf, NYLJ, Dec. 1, 1997, at 28, col 2).
Petitioner argues that the trust is not an elective share trust because the decedent left the entire estate in trust for his spouse, rather than the one half needed to satisfy her elective share (EPTL 5-1.1 [c] [1] [B]).
The legislative history of EPTL 5-1.1-A establishes that the statute was intended to apply to all trusts, not just the minimum elective share trust. Under the law at the time the will was executed, the bequest of a life interest in the entire estate *324 meant that the petitioner had no right of election (EPTL 5-1.1 [c] [1] [D]; Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 5-1.1, at 17). This was perceived to lead to abuses.
An Advisory Commission was appointed to review the marital election statute and make recommendations. The Commission’s most controversial recommendation was to eliminate the elective share trust (1st Report of EPTL Advisory Comm, 1991 Legis Doc No. 70, at 13). There was significant support for retaining the elective share trust in a more generous form (see, e.g., Report 119-B of Special Comm to Review Recommendation of EPTL Advisory Comm to Eliminate Elective Share Trust, NY State Bar Assn, Trusts & Estates Law Section, Legis Comm, dated Feb. 20, 1992, Bill Jacket, L 1992, ch 595, § 10; Report of S-5294-A, Assn of Bar of City of NY, Bill Jacket, L 1992, ch 595, § 10). Nonetheless, the majority of the Advisory Committee rejected retaining elective share trusts on two grounds. “[F]irst it clearly simplifies the right of election statute, and secondly, it provides to the surviving spouse who is left a legacy in trust a true election, either accept the income only trust or elect to take the elective share outright, forfeiting the benefits provided by the trust or any other testamentary provision” (1st Report, op. cit., at 14).
The recommendations of the Advisory Committee were adopted by the Legislature and the use of an elective share trust to defeat the right of election was eliminated when EPTL 5-1.1-A was enacted in 1992 (L 1992, ch 595, § 10 [eff Sept. 1, 1992], amended by L 1993, ch 515, § 3; see, Matter of Bogart, 160 Misc 2d 54). Thus, the statute was intended to apply to all marital trusts, not just the minimum elective share trusts. As a result, the surviving spouse has an absolute right of election even though the will provides for a life estate in a trust larger than the spouse’s elective share. A corollary of this, however, is that she must give up all rights in the testamentary trust (EPTL 5-1.1-A [a] [4] [A]).
Petitioner next argues that by providing her with the income interest in the entire estate, rather than the minimum elective share trust required under the statute when the will was executed in 1985, the testator has “provided otherwise” and the acceleration provisions of EPTL 5-1.1-A (a) (4) (A) do not apply. She notes that the remaindermen have filed consents, which she argues supports her claim.
The intent to provide additional benefits to the spouse upon the exercise of his or her right of election must be clear and *325 unambiguous (Matter of Pepper, 307 NY 242; Matter of McKinney, 101 AD2d 477, lv denied 63 NY2d 607). This requires an express provision providing for the trust’s continuation notwithstanding the election. This is supported by the legislative history of EPTL 5-1.1-A (a) (4) (A). “[T]he [EPTL Advisory] Committee has also concluded * * * that the statute should provide further that an election would not forfeit any income interest in the balance of the estate if the testator specifically so states in the will. In other words the will could expressly be permitted to override the statutory forfeiture of any income interest in the balance of the estate by reason of an election.” (Sherwood, Should the Spouse’s Elective Share Trust Be Continued in New York [Dec. 1991], Addendum to 1st Report, op. cit. [emphasis in original].)
To hold otherwise would require this court to engage in speculation of the testator’s motives. In the case at bar, since the testator had provided for a trust that exceeded the elective share, the spouse had no right of election (EPTL 5-1.1). There is no reason to believe that the testator considered the possibility of an election, let alone provided for such an event. If the testator intended to expand petitioner’s rights, he had ample time, almost seven years, to do so (see, Sherwood, Some Tax Aspects of the Surviving Spouse’s Redefined Elective Share, 65 NYSBJ 48 [July/Aug. 1993]). Accordingly, the provision of an income interest in a marital trust greater than the elective share is not an express provision otherwise sufficient to avoid the forfeiture of the electing spouse’s interest in the trust pursuant to EPTL 5-1.1-A (a) (4) (A).
In light of his failure to act, the court must honor the decedent’s intentions as expressed in the will. “Where the language and meaning of the will is clear and plain, there is then no room for judicial construction * * * Where the intention is clearly and plainly expressed on the face of the will, the court is without power to change it under the guise of construction” (11 Warren’s Heaton, Surrogates’ Courts, § 187.01 [6] [6th ed 1999]; Matter of Ragone, 58 NY2d 864; Matter of Thall, 18 NY2d 186). The consent of the remaindermen cannot enlarge the petitioner’s rights under the will or EPTL 5-1.1-A.
Accordingly, the court finds that the effect of electing against the will is to terminate the petitioner’s interest in the testamentary trust so that the remaindermen receive the balance of the estate outright. Petitioner must balance the economic value of an outright distribution of one third of the estate against an income interest in the entire estate. Her time to *326 elect has previously been extended. This time is extended for an additional 45 days, until May 9, 2000, to provide her with sufficient time to decide whether she wishes to elect against the estate.