In the Matter of the Accounting of FRANCES THACKERAY, as Executrix of ELMER THACKERAY, Deceased.

Surrogate's Court, Richmond County, October 10, 1947.

*Clelia D'Allessandro* for executrix.

*Robert E. Johnson,* special guardian for Arnold Thompson and another, infants.

BOYLAN, S. In this accounting proceeding the executrix seeks construction of paragraph V of the last will and testament of the deceased, which reads as follows: " I give $500.00 to Harold Thompson Jr., and $500.00 to Arnold Thompson to be deposited in Seamen's Bank Wall St., N. Y. C. in their trust bank books. They are to receive bank books in full on their 25th birthday. If they die before their 25th birthday this money is to go to my wife."

Prior to his death the testator had opened two trust accounts in the Seamen's Bank for Savings, one for Harold G. Thompson, Jr., and one for Arnold B. Thompson. After the executrix qualified herein, she attempted to carry out the intention

expressed by the testator in paragraph V of his will. She offered to deposit the sum of $500 in each of the afore-mentioned bank accounts, but the bank representatives refused to accept same since the person in whose name the account had been opened was dead. The executrix then attempted to carry out the intent by seeking to deposit the sums provided for in paragraph V in her own name as executrix, in trust for the beneficiaries, but this procedure was likewise unacceptable.

The present application seems to be a request to determine the procedure by which the intent of the testator may be carried out. It is clear that the testator intended that each of his nephews receive $500 in addition to the amounts already on deposit in the accounts. He intended that each of them was to receive the full amount on deposit upon each reaching his 25th birthday. The provisions of the paragraph in question established a trust for each infant nephew. In order to carry out the intent expressed letters of trusteeship should be applied for. Upon being appointed, and qualifying, the trustee can then receive from the executrix the amounts provided for in the fifth paragraph of the will, and demand the amounts now on deposit in the trust accounts. The trustee may then deposit the amounts withdrawn from each account, plus the additional $500 and thus carry out the intent of the testator. The new accounts shall be in the name of the trustee, in trust for each of the beneficiaries, and executed in accordance with the provisions of the will.

It is contended that it was the intention of the testator to revoke the trusts in question and to substitute as his final testamentary disposition the specific bequests in the will. This is untenable. If the trusts created by the testator during his lifetime were irrevocable then the provisions of the will confirm the creation of such trusts. If the trusts were revocable prior to his death then the provisions of the will establish their irrevocability. (*Matter of Totten,* 179 N. Y. 112; *Matthews* v. *Brooklyn Savings Bank,* 208 N. Y. 508; *Matter of Brennan,* 59 N. Y. S. 2d 182.)

It has been held that wherever a provision of a will cannot have effect to its full extent as provided in the will, it must have effect as far as possible (*Brown* v. *Lyon,* 6 N. Y. 419, 420; *Chrystie* v. *Phyfe,* 19 N. Y. 344, 348; *Oxley* v. *Lane,* 35 N. Y. 340; *Savage* v. *Burnham,* 17 N. Y. 561, 577; *Kane* v. *Gott,* 24 Wend. 641, 665.) The procedure as outlined will in effect carry out the testator's plan as evidenced by the trust accounts and the provisions of paragraph V of his will.

Proceed accordingly.