S. Samuel Di Falco; S.
In this proceeding for the settlement of the account of the surviving executors construction of the will is required for the purpose of determining the method of apportionment of estate taxes in the manner directed by the testatrix. The pertinent text of the will is contained in paragraph third thereof as follows: “ I direct that all estate, succession, inheritance and similar taxes, levied or imposed by the Government of the United States, or by any state or political subdivision thereof, for any reason whatsoever upon, or with respect to, any property forming part of, or required to be included in, my gross tax estate shall not be apportioned but shall be paid out of the principal of my residuary estate.” (Emphasis added.)
All of the parties are in agreement that pre-residuary bequests were exonerated from contributing to the payment of estate taxes by this direction. A sharp controversy has arisen, however, between the individuals and the charities sharing in the residuary estate which the testatrix charged with the payment of four legacies of $5,000 each and then divided into two parts, the first passing outright to two relatives and the balance *204 to the trustees of the New York Community Trust with directions for payment of the income to specific charities.
The charities rely upon a series of eases in which the courts nave construed wills that contained no direction with respect to the apportionment of taxes within the residuary estate itself. In each of these cases it has been held that absent such text, apportionment within the residue was required under the statute (Decedent Estate Law, § 124), whatever operative effect the testamentary directions had upon pre-residuary bequests. Typical of such cases are Matter of Pratt (123 N. Y. S. 2d 425); Matter of Campe (205 Misc. 699); Matter of Hoffman (138 N. Y. S. 2d 492); Matter of Slade (4 Misc 2d 616); Matter of Coulter (N. Y. L. J., Feb. 25, 1957, p. 7, col. 6, affd. 4 A D 2d 1019).
The applicability of the cases cited to the will at bar is challenged by the individual legatees as well as by the executors and it seems to the court on cogent grounds. There is a very sharp distinction between the testamentary directions in each of the wills considered in those cases and that here for construction because in none of them did the testator directly and unequivocally command that taxes on property forming the gross tax estate should not be apportioned. Here the testatrix did exactly that using the strongest words at her command as a reading of the quoted text of paragraph third will demonstrate.
The result here reached is not intended to challenge the decisions in the cited eases, many of which were issued out of this court. The distinctions which have been suggested as existing between them and this will strip them of significance in arriving at the intention of the testatrix here. It is manifestly certain that when Mrs. Frank stated that “ all estate, succession, and similar taxes levied * * * with respect to any
property forming part of or required to be included in, my gross tax estate shall not be apportioned ” she meant exactly what she said and entertained no intention of discriminating between the charities and the individual residuary legatees. As a consequence, all of the taxes due are to be paid as though they were in fact expenses of administration before the establishment of the residuary estate and its division into the shares directed by the testatrix.
The fees of the attorney for the petitioning trustees are fixed in the amount requested.
Submit decree on notice settling the account as filed and construing the will in accordance with the foregoing.