S. Samuel Di Falco, S.
In this proceeding to construe the will, question arises as to whether or not the provisions thereof constitute a direction against apportionment of taxes within the contemplation of section 124 of the Decedent Estate Law. Paragraph Second of the will provides: ‘ ‘ Second : I hereby direct the payment of all just and lawful claims against my estate, including all Federal Estate, State Estate, Inheritance and Transfer Taxes, together with any interest and penalties chargeable and assessable against my estate or against any beneficiary on account of a gift, bequest or devise hereunder, or on account of any inter vivos gift or trust by me made, without apportionment or pro ration of any of said taxes among the several beneficiaries and Trusts hereunder. In other words, all State Estate, Inheritance and Transfer Taxes, and interest *10 and penalties, if any thereon, shall be a charge against the estate in the same manner as are the Federal Estate Taxes.”
A stipulation of facts has been filed which the court considers largely irrelevant since there is no ambiguity requiring the introduction of extrinsic proof.
The court is of the opinion that the paragraph in question constitutes a clear unambiguous direction against apportionment. A reading of the entire will demonstrates a meticulous regard by testator for the interests of the objects of his bounty, almost all of whom are relatives of himself or of his predeceased wife. It is obvious that the strong language of the ‘ ‘ tax ’ ’ provision including specific reference to inter vivos trusts was designed to insure that they receive their legacies tax free.
The court holds that the will contains a clear and unmistakable specific direction against apportionment and that all taxes be paid out of the residuary estate as an administration expense. Section 124 of the Decedent Law is inoperative (Matter of Frank, 11 Misc 2d 202; Matter of Cromwell, 199 Misc. 143, affd. 278 App. Div. 649, affd. 303 N. Y. 681; Matter of James, 189 Misc. 24, affd. 274 App. Div. 917; Matter of Hund, 266 App. Div. 379; Matter of Kruskal, 115 N. Y. S. 2d 181).
The court further holds that the rulings in Matter of Pepper (307 N. Y. 242) and Matter of Mills (189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012) principally relied on by respondent charity, are inapplicable and not controlling.
In this view of the matter, the second question of construction proposed as to the basis or method of paying income earned during the administration of the estate, becomes academic and need not be ruled upon.
The third question for construction concerns paragraph Tenth of the will which created a trust measured by the lives of Clyde Lindley and Maud Lindley, his wife, with income to Clyde for life and on his death, said income to be paid ‘ ‘ in equal parts, to Maud Lindley and the lawful issue of Clyde Lindley, the children of any deceased issue taking the parent’s share by right of representation” with remainder over. Clyde Lindley has died, survived by two children who have children of their own. The court holds that the income should he paid one half to Maud Lindley, the named beneficiary, and one half equally to the class which presently consists of the two children of Clyde Lindley.
Submit decree on notice construing the will accordingly.