S. Samuel Di Falco, S.
In this consolidated proceeding for the settlement of the trustees’ account of a preresiduary trust which has fallen in as the result of the death of the life beneficiary of said trust and for the construction of the decedent’s will, several questions have been raised which require clarification. The most important of the questions raised requires a determination of the meaning, validity and effect of paragraphs fifth, sixth and tenth of the decedent’s will, the pertinent portions of which read as follows:
“ fifth : After my debts have been fully paid, the sums set apart for the perpetual care of the cemetery plots as provided in Paragraph Second and setting up the trust fund provided in Paragraph Third Subdivision (c), the payment of all specific legacies hereinbefore set forth, the payment of all estate and inheritance taxes as hereinafter set forth, and the payment of all expenses of administration, I direct my Executors and Trustees to divide my estate in two equal shares or parts. One of such shares or parts I give and bequeath to my Executors and Trustees hereinafter named, in trust nevertheless, for the following charitable, scientific and educational purposes and upon the following conditions, that is to say: * * *
“ sixth : All the rest, residue and remainder of my estate, consisting of the one-half remainder not devised or bequeathed as above set forth, I give and bequeath to the following persons subject to the following conditions: * * *
‘ ‘ tenth : I direct that any all inheritance, estate, transfer, succession or legacy taxes levied by the United States or any State or any political subdivision thereof, or any foreign country or political subdivision, upon, or upon the transfer of, my estate or any part thereof passing hereunder or under any codicil or codicils hereto, be paid from the residuary of my estate and that no part thereof shall be charged against any legatee, devisee or beneficiary other than those receiving the residuary of my estate.”
It is obvious from a reading of the text of paragraph fifth that the testatrix has therein set forth the exact formula to be used by her executors and trustees in determining the size and amount of her residuary estate. The specific formula prescribed by the testatrix requires the deduction from the gross estate of not only the debts, preresiduary bequests and administration expenses but also the deduction therefrom of all estate taxes.
*124 It is urged by the Attorney-General representing the ultimate charitable beneficiaries that the phrase “ as hereinafter set forth ”, used by the testatrix in paragraph fifth in referring to the deduction of estate taxes, effects a modification of the direction and requires an apportionment of the taxes within the residuary estate under the law set forth in Matter of Pepper (307 N. Y. 242) and Matter of Mills (189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012). It is the Attorney-General’s contention that paragraph tenth of the decedent’s will does not constitute the clear direction against apportionment required by section 124 of the Decedent Estate Law, and that the provisions of section 124 of the Decedent Estate Law specifically require such apportionment to be made. (Matter of Pepper, supra; Matter of Mills, supra; Matter of Bluementhal, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707.) As in all construction proceedings required because of the use of conflicting phraseology this court must seek the intent of the testatrix from the testamentary plan disclosed by the entire will and if possible carry out that intent (Matter of Buechner, 226 N. Y. 440; Robinson v. Martin, 200 N. Y. 159; Mullarkey v. Sullivan, 136 N. Y. 227). The language of paragraph fifth of the will is basically clear and unambiguous and but for the inclusion of the words “ as hereinafter set forth ”, which can only refer to paragraph tenth, there would be no need for a construction. Without those additional words added to the direction to deduct all taxes from the gross estate contained in paragraph fifth the case at bar would be controlled by those cases which hold that the decedent had made an unequivocal direction for payment of taxes as an administration expense prior to the establishment of the residuary estate (Matter of Cromwell, 199 Misc. 143, affd. 278 App. Div. 649, affd. 303 N. Y. 681; Matter of James, 189 Misc. 24, affd. 274 App. Div. 917; Matter of Hund, 266 App. Div. 379).
However, having used the language “ as hereinafter set forth ” in referring to the deduction of taxes from the gross estate this court must now determine whether these words do in fact effect a modification of the direction to deduct all taxes from the gross estate and whether or not the language of paragraph tenth constitutes a direction against apportionment within the residuary estate. The strongest clue to the testatrix’ intent is found in paragraph sixth when in describing her residuary estate the testatrix used the language “All the rest, residue and remainder of my estate, consisting of the one-half remainder not devised or bequeathed as above set forth.” (Italics supplied.) This language forcibly denotes to the court a clear intention on the part of the testatrix that the *125 ultimate charitable beneficiaries named in paragraph fifth of the will and the persons named in paragraph sixth of the will, collectively, were to share equally in the net residuary estate as determined under the formula set forth in paragraph fifth. The testatrix in paragraphs fifth and sixth disposed of her entire residuary estate and paragraph tenth constitutes a clear direction against apportionment which requires all taxes to be charged against the residuary estate when determined by the specific formula set forth in paragraph fifth. The words ‘ ‘ as hereinafter set forth” were not intended to restrict the prior direction with respect to the formula to be used in determining the residuary estate but rather to clarify it. When reading paragraphs fifth and tenth together the attempted clarification becomes apparent. The testatrix unequivocally directed that all taxes on her estate were to be borne by the takers of the residuary estate. Those takers are the charitable beneficiaries named in paragraph fifth and the persons named in paragraph sixth. If this court were to find as urged by the Attorney-General that an apportionment of taxes was required within the residuary estate it would seriously deplete the benefits to be received by the persons named by the testatrix in paragraph sixth and would in effect ignore the direction that all taxes be deducted before arriving at the residuary estate. The court finds, therefore, that it was the testatrix’ intent that the persons named in paragraph sixth collectively and the charities named in paragraph fifth should share equally in her net residuary estate determined pursuant to the formula set forth in paragraph fifth and that no apportionment of taxes within the residuary estate is to be made. (Matter of Cromwell, supra; Matter of James, supra.)
Consistent with the findings hereinabove set forth the court rules that the decedent’s true residuary estate is disposed of by paragraphs fifth and sixth of her will. As a result the court finds that the remainder of the Kaliski trust is now payable to the beneficiaries named in paragraphs fifth and sixth of the will. The fact that the testatrix did not label paragraph fifth of her will as part of her residuary estate is not important. What is important is that she therein exactly described her residuary estate and proceeded to dispose of it in that paragraph and in paragraph sixth.
With respect to the trust established for Catherine Cone in subdivision (C) of paragraph sixth of decedent’s will, the court has been asked to now determine who the remaindermen of the trust will be when the said Catherine Cone dies. The provision in question reads as follows: “ (C) One aliquot share or part *126 thereof I give and bequeath to my Executors and Trustees, to pay the net income thereof for the support of Catherine Cone, niece of my late husband, during the term of her natural life. Should she predecease me, then the share or part herein reserved for her benefit shall be divided among the residuary legatees named in this paragraph of this Will. Should she survive me, then upon her death, my Executors and Trustees shall divide the corpus of this bequest among the surviving residuary legatees, share and share alike.” The language of the provision is clear and unambiguous and is subject to no other interpretation than the one plainly stated therein. If Catherine Cone predeceased the testatrix the share reserved for her benefit was to be distributed among the other residuary legatees named in paragraph sixth. If, liowver, Catherine Cone survived the testatrix the trust corpus upon her death was to be distributed to the survivors of those same persons. This court cannot rewrite the testatrix’ will, nor can it now reach a determination which is contrary to the plain language expressed therein even if intestacy may eventually result. (Matter of Gautier, 3 N Y 2d 502; Matter of Englis, 2 N Y 2d 395; Matter of Bisconti, 306 N. Y. 442.) The word “ surviving ” must be given its normal and natural meaning and cannot be ignored or strained to give it an unreasonable meaning in order to justify the judicial construction now sought by the petitioners. (Matter of Gautier, supra.) The rule of law to be followed was clearly enunciated by the court in that case by the following statement which appears on page 508: “As cases very like the present demonstrate, absent language pointing a contrary intention, words of survivorship refer to the time of the testator’s death ‘ only in the case of an absolute devise or bequest to one and in case of his death to another ’; they carry no such implication where, as in the will under consideration, the first devisee or legatee takes a life estate.” (See, also, Restatement, Property, § 251, p. 1266.)
The court finds therefore that upon the death of Catherine Cone the remainder will be distributable to the survivors of those persons named in paragraph sixth of the decedent’s will.
With respect to the provision for perpetual care made by the testatrix in paragraph second of her will the court adopts the construction sought by the executors and trustees and authorizes them to enter into the agreement for perpetual care tendered by the cemetery association. Section 92 of the Membership Corporations Law expressly prohibits the use of any part of the principal received by a cemetery association for perpetual care and the court cannot require the executors and trustees or the *127 cemetery association to enter into an agreement which is expressly prohibited by law although authorized by the testatrix (Matter of Thackeray, 190 Misc. 398).
Any party desiring to do so may submit an intermediate decree, on notice, or, if all parties so desire the ruling here made may be incorporated in the decree settling the account.