Orrin G. Judd, S.
A legatee devisee objects to apportionment of estate taxes proposed in the account, contending that the will exonerated her devises from contribution to taxes.
The ‘ first ’ ’ article of the will directs payment of debts and funeral expenses; the “ second ” bequeaths personal effects to the wife; and the “third” is a marital trust clause, which creates a trust of 50% of the adjusted gross estate for the benefit of his wife. The “ fourth ” article provides: “Any and all succession, inheritance or estate taxes, State and Federal, levied or assessed by reason of my death, whether or not on property passing under this Will or Codicil thereto, or passing outside of this Will, but subject to such tax, shall be paid by my Executor out of the residue after the foregoing provisions of this Will have been satisfied, or provision for the satisfaction thereof duly made, without any right in or duty upon my Executor to seek or obtain contribution or reimbursement from any person or property on account of any such taxes.” (Emphasis supplied.)
The ‘ ‘ fifth ’ ’ article reads:' ‘ The rest, residue and remainder of my estate after satisfaction of the foregoing provisions shall be disposed of in the manner set forth in the following articles.” (Emphasis supplied.)
The “sixth” article devises and bequeaths certain real properties to the objeetant, “whether held by corporate stock ownership or otherwise.” The “seventh” and “eighth” articles bequeath money and personal property to others. The “ninth” article is the final dispositive portion of the will, and begins: ‘ ‘ The balance of my estate then remaining after satisfaction of the foregoing bequests * * * shall be divided into ’ ’ seven parts and distributed to named individuals including the executor.
*264 The executor — who was apparently the draftsman of the will and who would benefit by the proposed apportionment — insists that testator directed that taxes be apportioned against the devises under article “ sixth ” of the will as well as the legacies under articles “ seventh ” and “ eighth.” The objectant contends that testator intended article “ninth” to be the true residuary out of which taxes are to be paid.
While • it cannot be doubted that, as a matter of statutory construction, testator’s direction to exonerate property from taxes must be clear and unambiguous (Matter of Pepper, 307 N. Y. 242; Matter of Shubert, 10 N Y 2d 461, 471), as a matter of the construction of a will, courts will not strain to defeat a testator’s ascertainable intention by undue deference to a rulé' of statutory construction.
The difficulty arises from the fact that the will contains four different descriptions of the residuary estate:
(1) Article “third” as amended by the third codicil gives the wife half of the “ rest, residue- and remainder” of the estate — the portion remaining after compliance with the first two articles.
(2) Article “ fourth” directs payment of estate taxes out of, “ the residue” after satisfying the first three articles of the will.
(3) Article “fifth” directs that the “rest, residue and remainder ’ ’ of the estate after satisfying the provisions of articles “first” through “fourth” shall be disposed of in the manner set forth in the remaining articles.
(4) Article “ninth,” following three clauses of bequests, directs that “ the balance of my estate ” after satisfaction of the foregoing bequests be divided into seven equal parts. It should also be noted that article 1 ‘ third ’ ’ as amended by the third codicil expresses the intention that estate taxes be paid out-of “ the balance of my estate.”
Bead literally, article “fourth” directs that taxes shall be paid out of the residue after satisfaction of the legacy of personal property and the creation of a marital trust. This construction would establish the following priorities in the distribution of the estate:
First-:.The debts, personal property, bequest and the marital trust, under the first three articles.
Second: Estate taxes, under article “ fourth.”
• Third:\The bequests under articles “ sixth,” “ seventh ” and “.¡eighth:”
*265 Fourth: The division of the balance into seven equal shares under article “ ninth.”
This interpretation, which would result in estate taxes being paid without any apportionment against the legacies under articles “ sixth,” “ seventh ” and “ eighth,” is confirmed by two additional circumstances:
(1) The direction in the third codicil for estate taxes to be paid out of the “ balance ” of the estate, which is the word used in article “ ninth and
(2) The direction in article “fourth” that there shall be no right in the executor 11 to seek or obtain contribution or reimbursement from any person or property on account of any such taxes.”
The construction urged by the executor would make the tax exoneration clause virtually meaningless. The provisions preceding article “ fourth,” which are all that would be exempt from tax allocation, are the payment of debts and funeral expenses, the bequest of personal effects, and the marital trust for testator’s wife. Debts, funeral expenses and the marital trust are not subject to tax. Moreover, article “ fourth ” provides that taxes “ on property passing under this Will or Codicil thereto, or passing outside of this Will, but subject to such tax” shall be paid out of the article “fourth” residue. Property passing outside the will is clearly exonerated from taxes; and if testator intended to provide that the property devised and bequeathed in articles “sixth,” “seventh” and “ eighth ” bear a share of the taxes, his exoneration from taxes “on property passing under this Will” is surplusage insofar as the legacies thereunder are concerned.
“It is fundamental that ‘ [w]ords are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. ’ (Matter of Buechner, 226 N. Y. 440, 443.) ” (Matter of Larkin, 9 N Y 2d 88, 91.) To sustain the executor, the court must also reject as meaningless the language used in article “fifth”. This may not be done, since a literal reading of the provisions of article “fourth,” considered with the effective dispositions made by testator, prescribes freedom from taxes on property passing under the will, and burdens the true residuary with this payment.
Common dictionary definition of the word “residue” is a remainder. Article “ninth” of the will — the clause which would ordinarily be denominated the residuary clause by lawyers expert in the drafting of testamentary instruments — begins *266 with the words “ The balance of my estate then remaining after satisfaction of the foregoing bequests”. (Emphasis supplied.)
These tokens of testator’s intention, while not conclusive in themselves, are forceful indicia of testator’s intention to have article “ fourth ” read with literal precision. They are consonant with an intention to have the taxes paid out of the true residuary of the estate under article “ ninth ” rather than the artificial residuary clause set forth in article “ fifth.” All gifts prior to article ‘ ‘ ninth ’ ’ are therefore exonerated from the payment of any estate taxes (Matter of Shubert, 10 N Y 2d 461, supra) and the objections are accordingly sustained.