■ In the Matter of the Estate of ELFRIEDE K. KINDERMANN, Deceased. WILLIAM J. KALT et al., Appellants; CHRISTIAN SCIENCE BOARD OF DIRECTORS OF THE MOTHER CHURCH, THE FIRST CHURCH OF CHRIST, SCIENTIST, IN BOSTON, MASSACHUSETTS, et al., Respondents.— Decree of the Surrogate's Court, Westchester County, dated July 8, 1966, which construed the testatrix' will and settled the executors' account, affirmed insofar as appealed from, with costs to all parties who separately appeared and filed briefs, payable out of the estate. Paragraph Third of the decedent's will contained a direction that all inheritance, estate, transfer, succession and legacy taxes be paid from the residuary estate. Paragraph Sixth disposed of the "rest, residue and remainder of my estate" in 10 subparagraphs. The first nine of these subparagraphs contained general legacies. The final subparagraph disposed of the "balance of my residuary estate, including any and all lapsed legacies, then remaining". The parties are agreed that all preresiduary legacies are exempt from tax by the clear meaning of paragraph Third. The dispute is as to the allocation of taxes within paragraph Sixth, appellants taking the position that the final subparagraph thereof is the true residuary. However, the will contains no direction against apportionment within the residuary as such (*Matter of Shubert*, 10 N Y 2d 461, 471–472). We may not construe the will to determine what the testatrix intended as the residuary estate, since there is a strong public policy in favor of statutory apportionment (*Matter of Pepper*, 307 N. Y. 242, 250–251). *Matter of Jaret* (44 Misc 2d 262, affd. 24 A D 2d 479, affd. 17 N Y 2d 450) is not controlling. There the will was similar. However, a third codicil to the will directed that taxes were to be borne by the "balance of my estate." That was a sufficient expression of a clear intention not to have apportionment. There is no corresponding expression of such an intention in the will at hand. Beldock, P. J., Benjamin and Munder, JJ., concur; Christ, J., dissents and votes to reverse the decree insofar as appealed from, and to dismiss the objections to the executors' account, with the following memorandum, in which Rabin, J., concurs. In this case we must construe a tax exoneration provision in a will. The testatrix provided, in paragraph Third: "I direct that any and all inheritance, estate, transfer, succession and legacy taxes (and all interest and penalties thereon) levied by the United States or any State or any political subdivision thereof or any foreign country or subdivision thereof, upon, or upon the transfer of, the property which passes under the provisions of this my Will be paid from my residuary estate, and that no part thereof be charged against any legatee, devisee or beneficiary other than those receiving my residuary estate." Paragraphs Fourth and Fifth are specific bequests. The "rest, residue and remainder" of the estate is bequeathed to the executors in paragraph Sixth, with directions to pay specified persons and institutions stated sums of money; these directions are given in subparagraphs (a) through (i). Subparagraph (j) directs the executors to pay the "balance of my residuary estate, including any and all lapsed legacies, then remaining" to specified charities. The executors did not apportion taxes, but paid them out of this "balance of * * * [the] residuary estate." One of the "balance" legatees and the Attorney-General objected to this exoneration of those persons and institutions named in subparagraphs (a) through (i); the objections have been sustained by the Surrogates and by the majority of this court; and the legatees named in subparagraphs (a) through (i) are having their legacies reduced by a proportionate amount of the estate taxes. With this I disagree because I believe that the testatrix would have wished them to have the specified amounts of the legacies undiminished.

To rule otherwise is a distortion of her expressed intention and renders substantially meaningless the inclusion of the tax-exoneration provision in the will. I agree that there is a policy favoring the statutory tax apportionment (Decedent Estate Law, § 124) and that those who contend against it must bear the burden of proving a "clear and unambiguous" direction in the will (*Matter of Pepper*, 307 N. Y. 242, 250–251; *Matter of Shubert*, 10 N Y 2d 461). Here I find such direction. I consider a legacy to a named beneficiary in a specified amount an unqualified legacy. Although there appears to be a residuary within a residuary, this is illusory for there is more than sufficient money in the estate to pay all the unqualifiedly directed payments designated in subparagraphs (a) through (i). The true and real residuary is delineated in subparagraph (j); here no amount is specified. Everything that is left, after all other directed payments have been made, goes to the legatees there named. This is the clause upon which the testatrix relied to prevent intestacy as to any of her property and it is here that I believe she intended the tax burden to fall. The legatees named in subparagraph (j) were to get nothing until all others were paid. With respect to taxes, a preference in payment appears to have been provided for the legatees in paragraphs Fourth and Fifth over the legatees in subparagraphs (a) through (i) in paragraph Sixth; but there is also a clear and unmistakable preference for the subparagraphs (a) through (i) legatees over the subparagraph (j) legatees in this regard. Thus, it appears to me logical and reasonable that the tax exoneration clause means the exoneration of the legacies in subparagraphs (a) through (i), as well as those in paragraphs Fourth and Fifth. *Matter of Jaret* (44 Misc 2d 262, affd. 24 A D 2d 479, affd. 17 N Y 2d 450) is not distinguishable and it strongly supports the view expressed herein for reversal. [See 48 Misc 2d 607.]