Breitel, J. (concurring).
I agree that the order of the Appellate Division should be reversed. In so agreeing, candor requires the statement that I perforce vote to relax the rigorous decisional interpretations heretofore placed upon section 124 of the Decedent Estate Law.
Section 124 itself does not contain any canon of construction but simply provides for apportionment of estate taxes among all the testamentary gifts contained in the decedent’s will unless the testator directs otherwise in his will. The statute was enacted in the early 1930’s to prevent the unintended effect of heavy taxation on residuary estates, shrunken as a result of economic factors, but most often intended to benefit the testator’s primary beneficiaries. By the gloss of the cases the statute has been uniformly construed, thus far, to require apportionment unless there is a “ clear and unambiguous” direction to the contrary (Matter of Pepper, 307 N. Y. 242). In the Pepper case it was said, with the emphasis in the original, that, “We need only hold that it [the will] does not contain a clear and unambiguous direction to that effect. There is a strong policy in favor of statutory apportionment. Those who contend against apportionment must bear the burden of proof ” (p. 250). More recently, this court re-emphasized the rule and commented on how firmly established it was (Matter of Shubert, 10 N Y 2d 461, 471, and the many cases cited; Matter of Skidell, 18 N Y 2d 308, 311).
The most difficult problem of application arises where there is a tax-exoneration clause and the gifts out of the residuary are multiple. That is the situation in this case. Looking to the whole will it is difficult to deny that the testatrix intended that the tax burden was to be borne only by what she described in the residuary clause as ‘ ‘ the balance of * * * [the] residuary estate ”. But the tax clause provided expressly that none of the legatees, devisees or beneficiaries ‘ ‘ other than those receiving my residuary estate ” should bear the tax burden. She thereby limited the tax exoneration to the relatively minor gifts preceding the gifts expressly described as being carved out of the residuary. On the other hand, the residuary is divided into two parts, the first consisting of a series of gifts to individuals who are obviously her primary beneficiaries and the “ balance ” to named charities. The estate is large and the tax is great enough to reduce the gifts to the individuals to half or less, still *793 leaving vast sums to the charities. Construction can save the testatrix’ intention, but it is construction that was forbidden, until now, by the decisional glosses on the statute.
Since it is evident from the whole will, the relationships of the donees to the testatrix, and the financial consequences that the primary intra-residuary gifts were not intended to bear a tax burden, it is right that the testatrix’ intention be obeyed. In doing so, however, it is equally evident that a tax clause which requires looking to the whole will, the relationship of the donees, and the financial impact of the tax burden is not clear and unambiguous but literally to the contrary, at worst, or, at best, ambiguous. Strict construction is practically mischievous, and a reasonable interpretation just. The statute does not forbid such interpretation of the whole will and consequent construction of the tax clause, and, therefore, I agree that the testatrix’ intention should be effectuated.
I only note that Matter of Jaret (44 Misc 2d 262, affd. 24 A D 2d 479, affd. 17 N Y 2d 450) involved a situation susceptible to a simpler solution. There the will contained a tax-exoneration clause and intra-residuary gifts posing a problem similar to that here. However, later codicils were executed, one of which resolved the ‘ ‘ ambiguity ’ ’ by direction that the marital trust should be free of taxes and that the estate taxes should be paid out of the ‘ ‘ balance ’ ’ of the estate, a term used in the main will only after disposition of the primary gifts in the residuary estate. Even then, there was dissent in the Appellate Division and in this court.
The rule of this case is sound for this case, and for cases of like kind. It is, therefore, just, but it is also a manifest departure from the canon of construction previously applied to section 124.
Order reversed, etc.