OPINION OF THE COURT
Evans V. Brewster, S.
In this proceeding to settle the account of the executors of decedent’s estate, objections have been filed by a charitable residuary beneficiary and the Attorney-General directed to the manner in which Federal and State estate taxes have been apportioned and the failure to give full effect to the charitable tax deduction to which the charitable residuary beneficiary is entitled.
• The preresiduary bequests are set forth in articles fourth, fifth and sixth of decedent’s will. There was also a revocable trust created by her in 1972 which was amended on the same date the will was executed by which the shares and the trust remainderman were made the same as the shares and beneficiaries of the residuary estate. The controversy arises because of the language used in articles third and seventh of the will with respect to tax exoneration and the residuary.
*174 Article third reads as follows: “third: I direct that all my estate, transfer, inheritance and like taxes, including interest and penalties, if any, imposed or assessed by the United States or New York State Governments, or any duly constituted, authority, upon or with respect to property passing under this my Will, and any property passing outside of my Will, which is required to be included in my taxable estate, including that property passing by the terms of a trust created by me this date, be paid out of my testamentary residuary' estate herein and that no portion thereof shall be apportioned to or collected from the specific bequests contained in this Will or from distributions made from said trust.”
The residuary clause, article seventh, reads:
“seventh: After payment of all expenses, taxes and specific bequests as aforesaid, all of the rest, residue and remainder of my property * * * I hereby give, devise and bequeath as follows:
“(a) Seventy (70%) per cent, thereof to [a named charity] * * *
“(b) Thirty (30%) per cent, thereof to [a named individual].”
EPTL 2-1.8 (subd [c]) provides in pertinent part:
“(c) Unless otherwise provided in the will or non-testamentary instrument:
“(1) The tax shall be apportioned among the persons benefited in the proportion that the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited, the values as finally determined in the respective tax proceedings being the values to be used as the basis for apportionment of the respective taxes.
“(2) Any exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent, the fact that the property consists of life insurance proceeds or the charitable purposes of the gift shall inure to the benefit of the person bearing such relationship or receiving such insurance proceeds or charitable gift, as the case may be.”
*175 The parties agree that the estate taxes attributable to the preresiduary dispositions and the inter vivos trust must be paid “off the top” of the residuary before dividing the residuary into the fractional dispositions within the residuary. They differ, however, with respect to the allocation of taxes payable on the residuary bequests. The executors argue that article third of the will provides for full tax exoneration and that in accordance therewith, taxes must be paid “off the top” of the residuary since article seventh of the will clearly states that the residuary would only be divided “after payment of all expenses, taxes and specific bequests as aforesaid.” The position of the objectant however is that not only is article third silent as to whether statutory apportionment does or does not apply to the residuary legatees but that the same phrase used by the executors in article seventh of the will creates an ambiguity by use of the words “as aforesaid” in directing payment “of all expenses, taxes and specific bequests.”
In the leading case of Matter of Shubert (10 NY2d 461, 471-472) the court stated “that, in the absence of a clear, unambiguous direction to the contrary in the will, apportionment pursuant to statute will be directed. There is a strong policy in favor of statutory apportionment, and those controverting its application must bear the burden of proof (Matter of Pepper, 307 N. Y. 242; Matter of Mills, 189 Misc. 136, 141, affd. 272 App. Div. 229, affd. 297 N. Y. 1012). Numerous cases have held * * * that a general direction that all estate or inheritance taxes be paid out of the residue is not the equivalent of a direction against proration within the residue itself nor a command that taxes be treated as administration expenses * * * Each of these cases holds that the testator’s direction that all estate or transfer taxes (whether on transfers of property passing under the will or otherwise) be paid from the residue is an expression of his intent that pre-residuary gifts be exonerated from tax, and that so much of the tax as is attributable to those bequests be charged against the residuary estate before computation of the residuary shares of the respective legatees. The direction cannot be read as a mandate that the portion of the tax attributable to the residuary assets is not to be apportioned in an *176 equitable manner among the recipients of such residuary-gifts (Matter of Coulter, 11 Misc 2d, supra, pp. 852-853; Matter of Smithers, 15 Misc 2d 701, 703).”
The cases cited by petitioners in support of their contention are those in which the will expressly provided that taxes be paid as an expense of administration (Matter of Bellinger, 27 NY2d 873; Matter of Cromwell, 199 Misc 143, affd 278 App Div 649, affd 303 NY 681), or where the will specifically stated that taxes shall not be apportioned (Matter of Lindley, 22 Misc 2d 9, affd 10 AD2d 925; Matter of Frank, 11 Misc 2d 202), or where disposition of the residue of a residuary estate raised an issue as to which of the residuary estates was intended to bear the taxes (Matter of Kindermann, 21 NY2d 790, adopting the dissenting opn in the App Div 27 AD2d 856; Matter of Jaret, 44 Misc 2d 262, affd 24 AD2d 479, affd 17 NY2d 450; Matter of Cohen, 30 Misc 2d 122). While it is a fundamental principle in the construction of a will to give effect to the intent of a testator, which includes the interpretation of a tax exoneration clause (Matter of Duryea, 277 NY 310; Matter of Olson, 77 Misc 2d 515), nevertheless where there is a clear charitable intent, it will not be thwarted by a strict literal reading of ambiguous language. The very fact that decedent herein provided 70% of her residuary estate for the benefit of a hospital in addition to the 70% given to the same hospital under the inter vivos trust bespeaks a primary charitable gift, undiminished by the impact of taxes and taking full advantage of the taxable deductions allowed by law. Article third of the will, standing alone, would provide a persuasive argument that no tax apportionment was intended, but considering that article seventh of the will states that “after payment of all expenses, taxes and specific bequests as aforesaid,” it appears to the court that the words “as aforesaid” could relate back to mean that the tax exemption was spelled out for the inter vivos trust as stated in article third and the preresiduary bequests as set forth in articles fourth, fifth and sixth. In any event, the words, “as aforesaid” create an ambiguity which can only be resolved by application of the statute (EPTL 2-1.8) and directing apportionment within the residuary.
*177 The gift to the charity does not contribute to the tax burden and thus it is just and equitable that such charitable gift be relieved from payment of any part of the tax. “The testator is presumed to know the law and the impact of estate taxes. Since [s]he did not expressly make a direction against apportionment within the residuary [s]he must be presumed to have intended ‘gross equality’ or equality prior to taxes, rather than ‘net equality’ or equality after tax impact (Jerome v. Jerome, 139 Conn. 285). The loss of ‘equality’ or the upsetting of proportions set up in the will is a consequence of apportionment whenever a proportion or percentage of the residue is left to an exempt beneficiary and another proportion or percentage is bequeathed in a taxable manner.” (Matter of Shubert, supra, pp 473-474.)
The care required in the will draftsmanship cannot be overemphasized. A tax exoneration clause is not unusual but the tax consequences could be disastrous and contrary to the intent of a testator unless properly explained. This is particularly true where no apportionment of taxes is intended. Providing for payment of all taxes as an “expense of administration” may in most cases be sufficient to accomplish the intended result. Adding however a direction that there be no apportionment whether within or without the residuary would dispel all doubt.
Accordingly, the objections of the respondent charity and the Attorney-General are sustained. The executors are directed to make application to recover estate taxes paid in excess of the amount due if a proper charitable deduction had been taken. Pending such recovery of taxes, a surcharge to the executors will be held in abeyance. The request made to fix attorney fees will also be held in abeyance pending recovery of taxes, if any, and the schedules of the account amended to show the correct computation and apportionment of estate taxes.