■ In the Matter of the Estate of EDITH MARKUS, Deceased. WALTER STERN et al., Appellants; GISELA R. GALL, Respondent. —Decree, Surrogate's Court, Bronx County (Lee L. Holzman, S.), entered February 18, 1992, construing decedent's will to provide that Gisela Gall is the sole residuary beneficiary entitled to receive the entire residuary estate, unanimously affirmed, without costs.

At issue in this construction proceeding is the residuary clause of decedent's will, which provides:

"Third: All the rest, residue and remainder of my real and personal property of which I shall die seized or possessed, or to which I may in any wise be entitled at the time of my death, of whatsoever nature, I give, devise and bequeath as follows:

"A. FOUR (4%) per cent thereof to my husband's niece, GISELA RITTER GALL.

"B. The entire balance of my said property to my sisters, ILSE, HILDE, and ANNE, in equal shares, share and share alike."

Decedent was predeceased by her sisters and survived by Ms. Gall and two cousins. The cousins, appellants herein, contend that Ms. Gall should not be deemed the sole remaining residuary beneficiary, and the bequest to the sisters should pass to them by intestacy, since only subparagraph B can be deemed a "true" residuary clause. The Surrogate disagreed, holding that the lapsed bequests pass to Ms. Gall under EPTL 3-3.4, which provides for the vesting of a lapsed residuary bequest in the remaining residuary beneficiary or beneficiaries.

It is not uncommon for residuary clauses to contain multiple gifts, and in their ultimate paragraph to direct the disposition of the balance of the residuary estate *(see, e.g., Matter of Kindermann,* 21 NY2d 790, *revg on dissent of* Christ, J., 27 AD2d 856, 857). In such cases, the question arises whether the ultimate paragraph is the "true" residuary clause, or whether there is a "residuary within a residuary" *(supra,* at 857). It is apparent that specified gifts of sums of money, or specific bequests, are indicative of an intent on the part of the testator to benefit the legatee only to the extent set forth. In these instances, it is clear that the testator would not have intended other, lapsed "residuary" bequests to vest in that legatee. This is so because the demonstrative bequest of a specific sum of money, even if set forth within the residuary clause, is contrary to the obvious purpose of a residuary estate—to pass *all*

property not otherwise disposed of. It may plausibly be argued that such a bequest is not part of the "true" residuary clause.

Here, on the other hand, since Ms. Gall was bequeathed not a stated sum of money or specific property but a percentage of the residuary estate, subparagraph A should be considered an integral and inseparable part of the residuary clause, and it is not contrary to reason or justice that Ms. Gall should inherit the whole as the sole surviving residuary beneficiary. While 4% is not a large portion of the residuary estate, we cannot say that the testatrix intended to benefit, by intestacy, persons not named in the will, over her husband's niece, merely by virtue of the fact that she left her only 4% of the residuary estate. Concur—Wallach, J. P., Kupferman, Kassal and Rubin, JJ.