Wachtler, J.
This proceeding was first commenced in the Surrogate’s Court, New York County, to obtain a construction of the will of Virginia T. Nicholas (testatrix) dated June 10, 1965 and codicil dated July 29,1965 as to the meaning and effect of the tax apportionment clause.
Under articles second and fourth of the will dated June 10, 1965, Thomas J. Lynch was left certain gifts of real and personal property and was further bequeathed the sum of $150,000 under article eighth of the will. Article twenty-fifth of the will provides: “ I direct my executors or the survivor of them to pay all transfer, inheritance and estate taxes upon or in respect of all savings bank trust accounts, if any, and any and all bequests, legacies and devises in Articles second through TWENTY-FntsT of this my Will out of my residuary estate, as if they were debts for which I was liable at the time of my death, and that the same be not charged against nor deducted from any such trust account, bequest, legacy or devise, and in addition thereto I direct my executors and the survivor to pay, as if they were debts, all such taxes that may be payable with respect to the legacies hereinafter bequeathed, so that no such tax shall be charged against or deducted from any such legacy.”
The residuary estate was then bequeathed to New York Protestant Episcopal City Mission Society and Federation of Protestant Welfare Agencies, Inc., the appellants in this action.
On July 29,1965, testatrix executed a first codicil to her will which provides :
*177 “ first: I have made certain bequests and devises in Articles second (Gr), fourth, eighth and twenty-fifth of my said "Will to Thomas J. Lynch. I hereby declare it to be my Will that if the said Thomas J. Lynch shall have predeceased me that I desire his sister Helen L. Murphy of Kingston, New York, to benefit from the said bequests and devises if she be living and if she shall not be then living that her husband Charles Murphy shall benefit from them. Therefore, in the event Thomas J. Lynch shall not survive me I give, devise and bequeath each legacy, devise or bequest that I have made to the said Thomas J. Lynch to his sister Helen L. Murphy if she shall survive me and if she also shall not have survived me then I give, devise, and bequeath the same to her husband Charles Murphy absolutely.
“ second : As so modified and supplemented by this codicil I do hereby confirm and republish my said Will dated June 10, 1965 and I do declare said Will and this codicil taken together to be and to constitute my only Last Will and Testament. ’ ’
Thomas J. Lynch predeceased the testatrix and the bequests to him lapsed. Helen L. Murphy survived the testatrix and is entitled to the bequests made to her.
The sole question to be answered in this case is: Does the testatrix’ will and codicil contain a clear and unambiguous direction against apportionment of taxes as permitted by section 2-1.8 of the Estates, Powers and Trusts Law? (Matter of Pepper, 307 N. Y. 242.) If it does contain such a direction, the statutory formula would not apply and the residuary estate must bear all of the taxes.
A will and codicil are to be construed together as if both had been executed at the same time in the absence of a manifest intention to the contrary (64 N. Y. Jur., Wills, § 481, p. 577). In the case at bar the codicil did not create a new or distinct bequest, but rather provided for a substitute or alternative gift of the already specified legacies'. On analysis it is clear that all the testatrix did by her codicil dated July 29,1965 was to substitute Helen L. Murphy in place of her brother, Thomas J. Lynch, in the event he predeceased the testatrix. The wording of the codicil clearly spells out the intent of the testatrix to make the bequest to Helen L. Murphy tax-free by specifically referring to article twenty-five of the will — the clause against tax appor *178 tionment. The inclusion of article twenty-five of the will in the codicil unequivocally demonstrates the testatrix’ intent to exempt the gift from tax. To construe apportionment in the light of the direct reference to article twenty-five in the codicil would be to fly in the face of the obvious and specific intent of the testatrix.
The order of the Appellate Division should be affirmed, with costs to all parties appearing separately and filing separate briefs, payable out of the estate.
Chief Judge Fuld and Judges Burke, Breitel, Jasen, G-abrielli and Jones concur.
Order affirmed, etc.