In the Matter of the Estate of Jessie S. Dewar, Deceased. Aurelia Osborn Fox Memorial Society et al., Respondents; Louis J. Lefkowitz, as Attorney-General of the State of New York, Appellant.

Third Department, May 11, 1978

## APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Joseph A. Romano* and *Ruth Kessler Toch* of counsel), for appellant.

*Van Woert, Dunn & Konstanty (James E. Konstanty* of counsel), for Charles H. Bissell and others, as executors, respondents.

*Frank W. Getman* for Charles H. Bissell and others, individually, respondents.

*Marvin D. Parshall* for Margaret Emerick, respondent.

## OPINION OF THE COURT

KANE, J.

Paragraph "FIRST" of decedent's last will and testament, dated December 4, 1972, provided as follows: "I direct that all my just debts and funeral and administration expenses be paid. I further direct that all inheritance, estate, transfer, succession and death taxes imposed by any jurisdiction upon property passing under this, my Will, be paid out of my general estate as expenses of the administration thereof, without apportionment as to any legatee." The remainder of her will made various specific bequests to individuals and charities and left the residuary to five charities which had already received various amounts of IBM stock under specific provisions. In a codicil dated June 22, 1973, decedent increased the amount of specific bequests to certain individuals

previously named in her will and, in the final paragraph, provided that: "In all other respects, I hereby ratify and confirm all the provisions of my Last Will and Testament dated December 4, 1972."

During the course of administration, the executors distributed 50,000 shares of IBM stock to the residuary beneficiaries as an advance on their share. However, it was thereafter determined that estate and transfer taxes would entirely consume the residuary and require an abatement of preresiduary bequests. The residuary legatees were asked to and did return the total number of shares which had been advanced to them, but refused to return a cash dividend which had been paid during the period they held the stock.

Two of the residuary legatees commenced this proceeding seeking a direction apportioning estate taxes payable on account of the property passing under the codicil and absolving their preresiduary charitable bequests of any abatement for the purpose of paying the estate taxes. The executors cross-petitioned for relief directing the proper abatement of preresiduary bequests, all of which had been advanced, and directing the afore-mentioned cash dividends be paid over to the estate.

The Surrogate determined that the gifts contained in the codicil should receive the same tax exoneration treatment as the gifts contained in the will, that the preresiduary charitable bequests should bear no portion of the estate tax burden, and that any remaining tax liability after consumption of the residuary should be apportioned among noncharitable beneficiaries. He further concluded that the residuary beneficiaries were obliged to return the cash dividends to the executors of the estate. The Attorney-General, on behalf of the ultimate charitable beneficiaries, appeals from the resulting decree, except as to that portion that does not fix a tax on the preresiduary charitable bequests.

The decree of the Surrogate should be affirmed. Estate taxes are apportioned among recipients of estate assets "unless otherwise provided in the will or non-testamentary instrument" (EPTL 2-1.8, subd [c]), and such a contrary direction must be clear and unambiguous (*Matter of Pepper*, 307 NY 242, 251). Here there is no question but that the direction to avoid apportionment against the legatees named in the will is both clear and unambiguous and, indeed, it is undisputed that such was the intention of the testatrix. However, it is argued that the codicil contains only general language in ratifying

the terms of the will and does not express a clear intent that the additional gifts be exonerated for payment of taxes. We reject this contention. Since a will and codicil must be construed together *(Matter of Nicholas,* 33 NY2d 174), where the provisions of the will contain a tax exoneration clause broad enough to encompass all testamentary dispositions, the clause also applies to gifts contained in the codicil in the absence of a manifest intent to the contrary *(Matter of Chodikoff,* 50 Misc 2d 86; 20 NY Jur, Estate Taxes and Gift Taxes, § 196), one not present in the case before us. Lastly, the direction to return the cash dividends received by the residuary legatees was a matter within the equitable powers of the Surrogate and was made in the due and proper exercise of his discretion (SCPA 201, subd 3; 2215, subd 3; *Matter of Fisch,* 58 Misc 2d 193). We perceive no reason to disturb these determinations.

The decree should be affirmed, with costs to respondents filing briefs, payable out of the estate.

MAHONEY, P. J., GREENBLOTT, MAIN and MIKOLL, JJ., concur.

Decree affirmed, with costs to respondents filing briefs, payable out of the estate.