■ In the Matter of the Estate of IRENE D. COLLIA, Deceased. UNITED STATES TRUST COMPANY OF NEW YORK, Respondent; ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant.—In a proceeding to settle the executor's and trustee's accounting of Irene Dunbar Collia, deceased, the Attorney-General of the State of New York appeals from an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated July 30, 1984, which, inter alia, dismissed his objections to the accounts.

Order affirmed, with costs payable by the appellant.

The decedent Irene Dunbar Collia provided in her last will

and testament that all taxes which became payable by reason of her death be paid out of her residuary estate without apportionment. A provision of a trust indenture previously executed by Collia provided that upon her death, *inter alia,* any deficiency in taxes should be paid by her trustee to her legal representatives. The trust indenture did not specifically require nonapportionment of the tax payments. EPTL 2-1.8 (a) requires that all tax payments be apportioned equitably among the persons interested in the gross estate except in a case where the testator directs otherwise. The question on this appeal, then, is whether the provision of the will which directs nonapportionment controls the payments of moneys from the trust. We hold that it does.

First, the plain language of EPTL 2-1.8 (a) provides that "where a testator otherwise directs in his will" the apportionment provision of that statute shall not apply. Second, the Court of Appeals recently held that in cases such as the one at bar, where directions concerning apportionment differ between a trust instrument and a will, the will, speaking as it does at the time of the decedent's death, takes precedence over the provision of the earlier, nontestamentary disposition *(see, Matter of Cord,* 58 NY2d 539, 545).

We further note that the Surrogate did not rely on the testimony of the draftsman in rendering his determination. Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.