OPINION OF THE COURT
C. Raymond Radigan, J.
This cross petition by the trustee of a testamentary trust is brought to obtain recoupment of the distributions of principal made to the remaindermen of the trust. In a decision rendered on February 8, 1988, this court found the partial distributions of principal made to the remaindermen were unlawful, and directed the trustee to return the money. This determination was without prejudice to a proceeding by the trustee to obtain reimbursement from the remaindermen who benefited from the payment.
In their answer to the cross petition, the remaindermen who have appeared have asserted an affirmative defense stat *101 ing all payments made by the trustee pursuant to the will are free from any duty of repayment unless there is an express agreement to the contrary.
The issue confronting the court arises from a proceeding brought by decedent’s former wife for a construction of paragraph E of clause VI of his will which she claimed violated the provisions of a separation agreement requiring him to designate her as life income beneficiary of a $150,000 trust. In that proceeding the court held paragraph E failed to comply with the separation agreement insofar as it authorized the trustee, prior to a termination of the trust, to pay over and distribute to the remaindermen any amount by which the value of the securities comprising the trust corpus exceeded $150,000. The trustee was accordingly directed to return the $20,000 in principal previously distributed.
The conflicting provisions of the proposed order and counter-order submitted in that proceeding resulted in the issuance of another opinion in which the court said: "The unlawful distributions of principal whether made under mistake of law or fact (CPLR 3005) may be recovered from the remaindermen to whom the payment was made as otherwise they would be unjustly enriched at the expense of the trustee”.
In making that determination, the court’s attention was not drawn to article IX of the will which the remaindermen now plead as a defense to reimbursement of the trustee. Article IX reads as follows: "IX. In the absence of express agreement to the contrary, any amounts paid over by my Trustee to any person from any trust created under any provision of my will shall become the absolute property of such person, free from any duty of repayment, and there shall be no credit or adjustment of any kind on account thereof.”
The comment to section 249 of the Restatement (Second) of Trusts states that in the case of a testamentary trust in which the trust estate is not sufficient to indemnify the trustee for expenses properly incurred by him in its administration, the trustee is not entitled to indemnity from the beneficiary personally in the absence of an agreement to the contrary (Restatement [Second] of Trusts § 249, comment a). Although article IX may have application to the scenario contemplated in section 249 that is not the situation that prevails in this proceeding.
Here the court has under consideration the right of a beneficiary to retain funds to the detriment of the trustee that *102 were mistakenly turned over to him. On this point, the law in New York is not in doubt. A trustee who makes payment to a beneficiary of a trust in excess of the sum owing to him is entitled to hold the beneficiary personally liable for the overpayment, and his beneficial interest in the trust is subject to a charge for repayment of the excess unless he has so changed his position that it is inequitable to compel him to make restitution (SCPA 2215 [3]; Matter of Dewar, 62 AD2d 352; Matter of Peters, 189 Misc 222, 226; Matter of Wolfman, 137 Misc 325; cf., EPTL 12-1.1 et seq.).
The attempt to stretch the cited clause to fit the factual pattern at hand discloses the transparency of the arguments advanced to support this pleading. The clause withholds from the trustee the right of action possessed by him to recover from a beneficiary payments which the latter was not entitled to receive. The clause thereby abrogates rights possessed by a trustee both at common law (Matter of Fisch, 58 Misc 2d 193) and by statute (SCPA 2215 [3]). The Legislature and not the testator regulates the rights and remedies of litigants and assuming the applicability of the quoted language to the case at -hand, it is not within the power of the testator to limit the right of action that a trustee may pursue in the discharge of his office.
The defense interposed must accordingly be dismissed as a matter of law and the cross petition granted.