■ In the Matter of the Estate of PIERRE ALLEN, Also Known as PARASCOS ALLEN, Deceased. ARTHUR H. GOODMAN, Petitioner; MARVIN BASS, Respondent; GEORGE ALLEN, Appellant. [717 NYS2d 356] —In a proceeding pursuant to SCPA article 21, George Allen appeals from so much of an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated August 27, 1999, as granted the cross claim of Marvin Bass, directed him to reimburse Bass for sums paid in settlement of the estate, and dismissed his affirmative defense of the Statute of Limitations to the cross claim.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellant personally.

The decedent bequeathed to his son, George Allen, a brokerage or stock account (hereinafter the Stock Account) which Marvin Bass, the executor of the estate, distributed to Allen less than two months after the decedent's death, and before any judicial construction of the will. The Surrogate thereafter concluded that certain of the other bequests, which it determined were specific in nature, should have been satisfied before the distribution of the Stock Account, and directed that they be paid from the Stock Account. Ultimately, Bass paid the specific bequests from his own funds, and in this proceeding seeks restitution from Allen.

In light of the Surrogate's prior determination regarding the construction of the will, Bass was entitled to restitution of the funds he disbursed to Allen. Any other conclusion would be inequitable and would result in Allen being unjustly enriched (see, McGrath v Hilding, 41 NY2d 625). The Surrogate also correctly determined that the claim was not time-barred. The event which triggered the running of the six-year Statute of Limitations (see, CPLR 213 [1]) was Allen's 1998 refusal to sell a portion of the Stock Account so that Bass could satisfy the specific bequests as the Supreme Court had directed in its order entered February 20, 1998. Accordingly, the cross claim by Bass for restitution was timely asserted in this proceeding commenced in 1999 (see, Maric Piping v Maric, 271 AD2d 507; Sitkowski v Petzing, 175 AD2d 801). Bracken, J. P., O'Brien, Santucci and McGinity, JJ., concur.