# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

447

CA 14-01992

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE
FINAL ACCOUNT OF RORY G. WHITE, AS SUCCESSOR
TRUSTEE OF THE TRUST UNDER ARTICLE SIXTH OF THE      MEMORANDUM AND ORDER
LAURA M. GREEN TRUST AGREEMENT DATED FEBRUARY 15,
1995 FOR THE PERIOD FROM JANUARY 10, 2004 THROUGH
JUNE 23, 2010 BY LAURA M. GREEN, GRANTOR.
-----------------------------------------------------
RORY G. WHITE, PETITIONER-APPELLANT,

V

KIMBERLY G. VOWELL, OBJECTANT-RESPONDENT.
-----------------------------------------------------
IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE
FINAL ACCOUNT OF RORY G. WHITE, AS SUCCESSOR
TRUSTEE OF THE TRUST UNDER ARTICLE SECOND OF THE
HOWARD C. GREEN TRUST AGREEMENT DATED FEBRUARY 15,
1995 FOR THE PERIOD FROM JANUARY 10, 2004 THROUGH
MARCH 31, 2013 BY HOWARD C. GREEN, GRANTOR.
-----------------------------------------------------
RORY G. WHITE, PETITIONER-APPELLANT,

V

KIMBERLY G. VOWELL, OBJECTANT-RESPONDENT.
-----------------------------------------------------
IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE
FINAL ACCOUNT OF RORY G. WHITE, AS SUCCESSOR
TRUSTEE OF THE TRUST UNDER ARTICLE THIRD OF THE
HOWARD C. GREEN TRUST AGREEMENT DATED FEBRUARY 15,
1995 FOR THE PERIOD FROM JANUARY 10, 2004 THROUGH
JUNE 22, 2010 BY HOWARD C. GREEN, GRANTOR.
-----------------------------------------------------
RORY G. WHITE, PETITIONER-APPELLANT,

V

KIMBERLY G. VOWELL, OBJECTANT-RESPONDENT.

---

PHILLIPS LYTLE LLP, BUFFALO (ALAN J. BOZER OF COUNSEL), FOR
PETITIONER-APPELLANT.

WRIGHT, WRIGHT AND HAMPTON, JAMESTOWN (EDWARD P. WRIGHT OF COUNSEL),
FOR OBJECTANT-RESPONDENT.

-------------------------------------------------------------------

Appeal from an order of the Surrogate's Court, Chautauqua County (Stephen W. Cass, S.), entered February 19, 2014.  The order, among other things, denied the petition seeking an order approving the payment of reasonable attorneys' fees and related expenses incurred by the trusts.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioner is the successor trustee of three trusts established by his grandparents, Laura M. Green and Howard C. Green. The trusts were established for the benefit of their daughter, Elaine Green, the mother of petitioner and objectant.  Howard Green predeceased Laura Green, and, upon the death of Laura Green, Elaine Green succeeded her as trustee.  According to article sixth of the Laura Green trust, upon the death of Elaine Green, in the event that Elaine Green did not exercise her right to dispose of the remainder of the trust by her will, the remainder of the trust was to pass to her children, per stirpes.  Elaine Green's will provided that the remainder of the trusts be distributed to her children in equal shares.  Upon the death of Elaine Green in 2010, petitioner replaced her as trustee and, prior to the probate of Elaine Green's will, he distributed the assets of the trusts, approximately $1.1 million, to himself and objectant as directed in the terms of article sixth of the Laura Green trust, i.e., in equal shares.  Approximately 18 months thereafter, objectant sought an accounting of the disbursements Elaine Green, trustee, made to herself as beneficiary.  Petitioner sought judicial approval of the accounting, alleging, inter alia, that he distributed the trust assets at objectant's request.  In objecting to the accounting, objectant asserted, inter alia, that Elaine Green made disbursements of the trusts for the benefit of others and that petitioner failed to attempt to recover assets of the trusts from the estate of Elaine Green.

Petitioner filed a petition pursuant to SCPA 2110 (1) seeking approval of interim attorneys' fees and, because the trust assets were previously distributed to the parties as beneficiaries, also seeking an order requiring that he and objectant each contribute $40,000 to the trusts for necessary fees and costs associated with the litigation, and requesting that funds previously returned to the trusts by the parties be released to pay a portion of the fees generated by petitioner's counsel.  Surrogate's Court denied the petition in its entirety.  As a preliminary matter, we conclude that the Surrogate erred in determining that the fee application "simply sets forth the time slips" of the attorneys who worked on this matter. The record establishes that petitioner's attorney provided, in addition to the time records, his affirmation setting forth relevant information with respect to each attorney, including the area of practice, whether the attorney was a partner or an associate, the number of years the attorney had been admitted to practice and the hourly rate charged for each attorney.  Further, the Surrogate was aware of the complexity of the discovery issues, resulting from the fact that neither of the parties reside in New York State, as well as

the fact that Elaine Green resided, and died, in New Mexico.  We therefore conclude that the Surrogate had sufficient information upon which to determine the reasonableness of the request for attorneys' fees (*see Matter of Potts*, 213 App Div 59, 62, *affd* 241 NY 593).

We nevertheless further conclude that the Surrogate did not abuse his discretion in denying the application for interim fees without prejudice at the discovery stage of the proceeding (*see generally* SCPA 2110 [1]).  "[A]n attorney may recover fees from the estate only where the services rendered benefit the estate" (*Betz v Blatt*, 116 AD3d 813, 816, *lv dismissed* 23 NY3d 1028; *see generally Matter of Hyde*, 15 NY3d 179, 186-187) and, here, the Surrogate did not abuse his discretion in determining that the application for fees would be determined following a hearing.

Although petitioner correctly contends that the Surrogate has the authority to direct that distributions be returned to the trusts where the expenses are in excess of the funds contained in the trusts (*see Matter of Dewar*, 62 AD2d 352, 355; *see also Matter of Allen*, 278 AD2d 412), we nevertheless conclude that the Surrogate did not abuse his discretion in denying that part of the petition seeking an order directing petitioner and objectant each to reimburse the trusts $40,000 for future attorneys' fees and expenses that may be incurred by petitioner.  We note that a successor trustee "is only responsible for the assets which come into his [or her] hands, and has no particular legal duty to seek an accounting from his [or her] predecessors" (*Matter of William M. Kline Revocable Trust*, 196 Misc 2d 66, 75), in this case, his mother's estate.  Although a successor trustee may be liable for failure to proceed against a predecessor trustee for breach of duty to the trust, it is within the discretion of the successor trustee to determine whether to exercise his or her power to " 'contest, compromise or otherwise settle' claims in favor of the trust" pursuant to EPTL 11-1.1 (b) (13) (*id*. at 76).

Here, it is undisputed that the predecessor trustee became severely disabled in 1999.  Petitioner identified the funds that the predecessor trustee paid to herself from the corpus of the trusts; advised the Surrogate that he is unable to determine specifically how those funds were used; identified expenses associated with the disability of the predecessor trustee that exceed the amounts paid from the trust corpus; and advised the Surrogate that the estate of the predecessor trustee is insolvent.  Objectant, therefore, has the burden to establish that the predecessor trustee failed to discharge her duties as trustee (*see Matter of Reckford*, 307 NY 165, 176, *rearg denied* 307 NY 842), and that the accounting is incomplete (*see generally Matter of Taylor*, 79 AD3d 766, 767; *Matter of Robinson*, 282 AD2d 607, 607).  In the event that the Surrogate ultimately determines that costs associated with the litigation are properly charged to the trusts, the funds may be recouped from the beneficiaries (*see Dewar*, 62 AD2d at 355).

Petitioner contends for the first time on appeal that objectant is judicially estopped from challenging the accounting on the ground that she requested that he distribute the proceeds of the trusts to

the two of them, and thus that contention is not properly before us (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  May 1, 2015                                Frances E. Cafarell
                                                     Clerk of the Court