In the Matter of the Estate of JOHN PRIEDITS, Also Known as JANIS PRIEDITS, Deceased. AVROM POFFENBARGER, as Executor of JOHN PRIEDITS, Deceased, Respondent; ATTORNEY GENERAL OF STATE OF NEW YORK et al., Appellants-Respondents; MARTHA GONZALEZ BONORA, Respondent-Appellant, et al., Respondent. [18 NYS3d 387]—

In a probate proceeding in which the executor of the estate of John Priedits, also known as Janis Priedits, petitioned for the judicial settlement of his account, the objectants Attorney General of the State of New York and American Latvian Association in the United States, Inc., separately appeal, as limited by their respective briefs, from stated portions of an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), entered March 6, 2013, which, inter alia, denied their respective motions for summary judgment granting certain objections to the account, and the objectant Martha Gonzalez Bonora cross-appeals, as limited by her brief, from so much of the same order as denied that branch of her cross motion which was for an award of interest.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The objectant Martha Gonzalez Bonora is the decedent's surviving spouse. The objectants Attorney General of the State of New York (hereinafter the Attorney General) and American Latvian Association in the United States, Inc. (hereinafter the Association), contend that the Surrogate's Court erred in determining that, under the terms of the decedent's will, Bonora was exonerated from paying the estate taxes imposed on her elective share of the decedent's estate. The pertinent paragraph of the will reads, in part, as follows: "I direct that . . . all estate, inheritance, transfer, succession, legacy, gift, and similar taxes (including, without limitation, all taxes of a personal nature assessed, levied, or imposed upon any recipient or property), including interest and penalties thereon imposed by any government in respect to any property required to be included in my gross estate for estate tax or like purposes by any such government, whether the property passes under this Will or otherwise, without contribution by any recipient of any such property, be paid out of my residuary estate."

All estate tax payments must be equitably apportioned among recipients of estate assets "unless otherwise provided in the will or non-testamentary instrument" (EPTL 2-1.8 [c]), and such a contrary direction must be clear and unambiguous (*see Matter of Pepper*, 307 NY 242, 251 [1954]). Although there is a strong policy favoring apportionment (*see Matter of Shubert*, 10 NY2d 461, 471 [1962]), that policy gives way where the clear and unambiguous wishes of the testator direct otherwise (*see Matter of Cord*, 58 NY2d 539, 545 [1983]; *Matter of Dewar*, 62 AD2d 352, 354 [1978]; *see also Matter of Collia*, 118 AD2d 778, 779 [1986]). Analysis begins with the general rules of will construction which provide that a court is to determine and ef-

fectuate the intent of the testator and that in doing so, it must construe his or her words according to their ordinary and natural meaning (*see Matter of Herz*, 85 NY2d 715, 719 [1995]; *Matter of Walker*, 64 NY2d 354, 357-358 [1985]; *Matter of Cord*, 58 NY2d at 544; *Matter of Wilhelm*, 60 AD2d 32, 36 [1977], *amended* 62 AD2d 1155 [1978], *affd* 46 NY2d 947 [1979]).

Here, the second paragraph of the decedent's will directs that all estate taxes, "in respect to any property required to be included in my gross estate for estate tax or like purposes by any such government, whether the property passes under this Will or otherwise, without contribution by any recipient of any such property," were to be paid out of the residuary estate. The words clearly and unambiguously reflect the decedent's intent that his preresiduary and nontestamentary beneficiaries, including Bonora, his surviving spouse, are to take their property without liability for the payment of any estate taxes, regardless of whether the taxes are imposed on property and assets passing under the will or outside of the will (*see Matter of Dewar*, 62 AD2d 352 [1978]; *Matter of Halle*, 270 App Div 619 [1946]). Accordingly, the Surrogate's Court properly concluded that, under the terms of the decedent's will, Bonora was exonerated from paying the estate taxes imposed on her elective share of the decedent's estate.

Under the circumstances of this case, the Surrogate's Court properly denied that branch of Bonora's cross motion which was for an award of interest based upon the delay in the payment of a portion of her elective share (*see* former EPTL 11-1.5 [d], [e]; *Matter of Crea*, 27 NY2d 339, 344 [1971]; *Matter of Hallock*, 308 NY 299 [1955]).

The remaining contentions of the Attorney General and the Association are without merit. Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.