Matter of Schwartz (2021 NY Slip Op 04976)





Matter of Schwartz


2021 NY Slip Op 04976


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-07591

[*1]In the Matter of Paul Charles Schwartz, deceased. Harold Schwartz, appellant; Charles Schwartz, respondent. (Proceeding No. 1)
In the Matter of Paul Charles Schwartz, deceased. Harold Schwartz, appellant; Dorothy Grogan, respondent. (Proceeding No. 2) (File Nos. 384840/15J, 384840/15K)


Law Offices of Seidner & Associates, P.C., Garden City, NY (Matthew S. Seidner of counsel), for appellant.
McLaughlin & Stern, LLP, Garden City, NY (John M. Brickman of counsel), for respondent in Proceeding No. 1.



DECISION & ORDER
In related proceedings pursuant to EPTL 2-1.8 to compel Charles Schwartz and Dorothy Grogan, respectively, to pay their share of state and federal taxes owed by the estate, the petitioner appeals from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated April 13, 2018. The order, insofar as appealed from, sua sponte, consolidated the proceedings to compel Charles Schwartz and Dorothy Grogan, respectively, to pay their share of the taxes owed by the estate with an accounting proceeding.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, consolidated the proceedings to compel Charles Schwartz and Dorothy Grogan, respectively, to pay their share of the taxes owed by the estate with an accounting proceeding is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
Paul Charles Schwartz (hereinafter the decedent) died in October 2014 survived by his four children, including the petitioner and the respondent Charles Schwartz. During the decedent's life, he purchased various life insurance policies and annuities, naming his four children and the respondent Dorothy Grogan as beneficiaries.
The petitioner commenced separate proceedings pursuant to EPTL 2-1.8 against Charles Schwartz and Grogan, respectively, to compel them to pay their share of the state and federal taxes owed by the estate. In an order dated April 13, 2018, the Surrogate's Court, among other [*2]things, sua sponte, consolidated these two proceedings with a proceeding for the judicial settlement of the first intermediate accounting by the petitioner as executor of the estate. The petitioner appeals.
EPTL 2-1.8, inter alia, requires that "[a]ll estate tax payments must be equitably apportioned among recipients of estate assets 'unless otherwise provided in the will or non-testamentary instrument'" (Matter of Priedits, 132 AD3d 769, 770, quoting EPTL 2-1.8[c]). However, contrary to the petitioner's contention, EPTL 2-1.8 does not require the Surrogate's Court to immediately decide the petitions to apportion taxes owed by the estate, or prevent the court from duly exercising its power pursuant to SCPA 501(2)(a) to consolidate the proceedings with the accounting proceeding.
Accordingly, we affirm the order insofar as appealed from.
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court